Eastern Dis.
April, 1832.

LA ROSA
vs.
MAYOR ET AL.

LA ROSA vs. THE MAYOR ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where an act of adjudication if made in reference to and in conformity with an ordinance of the City Council, it imposes all the obligations and confers all the rights created by the ordinance, although no mention be made of them in the act of adjudication.

In August, one thousand eighteen hundred and twenty-nine, the corporation of New-Orleans passed an ordinance, by which they prohibited the sale of oysters, except in certain places therein designated. In virtue of this ordinance, the privilege of vending oysters, at the designated stands, was adjudicated to the plaintiff, as the highest bidder, for the price of six thousand dollars.

The plaintiff stated, in his petition, that, in consequence of the sale of oysters by other persons, and the ineffectual steps taken by the defendants to maintain him in the enjoyment of his privilege, he had sustained damages to the amount of eight thousand dollars, for which he prayed judgement.

The defendants, in their answer, denied the plaintiff's right of action, and put him to strict proof of the allegations in his petition. On the part of the plaintiff it was fully proved, that his privilege was rendered but of litle benefit, in consequence of the large sale of oysters by other persons.

The defendant then introduced proof to show that they had at the instance of the plaintiff, instituted and prosecuted to final judgement thirty-four suits against persons contravening the provisions of the ordinance with regard to the sale of oysters. The cause was twice tried in the court below; the first jury found for the plaintiff a verdict for three thousand dollars, and a new trial being granted, the second found for the plaintiff, and assessed his damages at four thousand five hundred dollars. Judgement being rendered in conformity to this verdict, the defendants appealed.

PORTER, J., delivered the opinion of the court.

The petitioner states that the corporation of the city of New-Orleans, by an ordinance of their council, established an exclusive right to sell oysters within the city in such person as might become the purchaser of the privilege granted by the ordinance. That the right so conferred was adjudicated to him. That he has paid the sum of six thousand dollars therefor, and that various other persons, during the time his privilege lasted, sold oysters in the city, without any effectual steps being taken by the officers of their corporation to prevent them. He alleges damages to have been sustained by him to the amount of eight thousand dollars; and also prays that the six thousand dollars, paid in cash and notes, may be returned to him with interest.

The defendants, by their answer, denied the right of the plaintiff to sue them; and put him on the strict proof of his allegations.

The cause has been twice tried in the inferior court. On the first trial the jury found for the plaintiff and assessed his damages at three thousand dollars. A new trial being granted, and the cause again submitted to another jury, they found a verdict against the defendants in the sum of four thousand five hundred dollars. The court gave judgement accordingly, and the defendants appealed.

There was a suit between these parties, which will be found reported in the first volume of the *Louisiana Rep. p.* 126. The corporation succeeded in that case, the court being of opinion, that the privilege sold was not exclusive of places, other than those designated in the act of adjudication.

But subsequent to the contract which give rise to that action, and previous to the sale to the plaintiff which has caused this suit, the City Council passed an ordinance by which they prohibited the sale of oysters, except in certain places therein designated. The right of selling in these places the plaintiff contends he has acquired.

4

The act of adjudication produced by him supports this allegation, but it is urged on the part of the defendants that it does not mention the privilege shall be exclusive, and that consequently no such right was conferred on him.

Where an act of adjudication is made in reference to and in conformity with an ordinance of the City Council, it imposes all the obligations and confers all the rights created by the ordinance, although no mention be made of them in the act of adjudication.

It is true the act of adjudication does not state the privilege shall be exclusive, but the sale is expressly made in reference to and conformity with the ordinance already noticed; and consequently imposed all the obligations, and conferred all the rights which that ordinance created.

The evidence very clearly proves that the privilege thus sold to the plaintiff was completely illusory. The sales by other persons were so numerous as to destroy the monopoly promised to him. Two juries have decided the question of diligence on the part of the corporation. The plaintiff purchased what through the fault of the defendants he has not got, and for which he is consequently not bound to pay. The evidence does not authorize us to interfere with the damages assessed by the jury who last tried the cause.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed with costs.

*Moreau* and *Soulé*, for appellants. *Janin*, for appellees.